UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BR NORTH 223, LLC,

               Plaintiff,                   No. 14-14488

v.                                         District Judge Paul D. Borman
                                         Magistrate Judge R. Steven Whalen

BERNARD GLIEBERMAN, ET AL.,

               Defendants.
_____/

## REPORT AND RECOMMENDATION

Before the Court are a Motion to Dismiss Complaint [Doc. #10] and Motion to Dismiss Amended Complaint [Doc. #20], filed by Defendants Lonie Glieberman, Lindsey-Bobay Glieberman, and Black Bear, Inc., which have been referred for Reports and Recommendations under 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that the Motion to Dismiss Complaint [Doc. #10] be DENIED AS MOOT and that the Motion to Dismiss Amended Complaint [Doc. #20] be GRANTED, without prejudice to an independent decision on Plaintiff's pending motion for leave to file second amended complaint [Doc. #25].

## I.    FACTS

Bernard Glieberman ("Bernard") was a long-time real estate developer. Over the years he had a direct or indirect ownership interest in over 100 entities. Following the collapse of the real estate and financial markets in 2007 and 2008, Mr. Glieberman defaulted on numerous loans, resulting in over $200,000,000 in judgments against him. One of the judgment creditors is the Plaintiff in this case, BR North 223, LLC, which has a default judgment from the Eastern District of California for $81,170,331.74 against Mr.

Glieberman and the Glieberman Revocable Living Trust. That judgment was registered in the Eastern District of Michigan on February 26, 2013, and is the subject of ongoing supplementary proceedings in E.D. Mich. Docket No. 13-50297.

On November 24, 2014, Plaintiff filed a civil complaint against the present Defendants, alleging fraudulent transfers of assets in violation of Michigan law.  On January 16, 2015, Defendants Lonie Glieberman ("Lonie"), Lindsey Bobay-Glieberman ("Bobay"), and Black Bear, Inc. ("Black Bear") filed a motion to dismiss the complaint [Doc. #10]. On February 26, 2015, Plaintiff filed a First Amended Complaint ("FAC") [Doc. #19], which superseded the original complaint. Defendants then filed a motion to dismiss the FAC [Doc. #20].

Plaintiff alleges generally that "as far back as 2007, Bernard and his advisors hatched a series of schemes to give the outward appearance that all of Mr. Glieberman's once substantial assets had been lost." FAC, ¶ 4. More specifically, Plaintiffs allege that Bernard fraudulently transferred Black Bear, Inc. to Lonie, and fraudulently transferred Digital Image, Inc. to Lontray Enterprises, LLC ("Lontray"). Lonie Glieberman and Tracey Katzen, Bernard's children, each own a 49% interest in Lontray. The Bernard Glieberman Revocable Living Trust and Bernard's wife each own 1% of Lontray. *Id*. ¶ 14. Plaintiff alleges the fraudulent concealment of these transfers. The claims are brought under the Michigan Uniform Fraudulent Transfer Act ("MUFTA"), M.C.L.A. § 566.31, *et seq*.

Plaintiff alleges that Bernard incorporated Black Bear in January, 2000, FAC ¶ 21, and that on March 3, 2003, Bernard "purported" to grant Lonie an option to purchase 1,000 shares of Black Bear stock for $50,000.  *Id.* ¶ 25.  Under an amendment to the Agreement, Lonie was given until August 1, 2011 to exercise the option. *Id*. ¶ 29. On

-2-

October 1, 2007, Lonie provided written notice that he was exercising his option to purchase the Black Bear stock. *Id*. ¶ 36. Plaintiff alleges that at the time Bernard, as trustee of the Trust, transferred the Black Bear stock to Lonie, both Bernard and the Trust were insolvent. *Id*. ¶ 43. Plaintiff states that "[u]pon information and belief, before Bernard Glieberman, as trustee of the Trust, transferred the Black Bear Stock to his son, he and the Trust had been sued or threatened with suit," *Id*. ¶ 48, and that Bernard "transferred the Black Bear Stock to his son with the intent to hinder, delay, or defraud one or more of his creditors." *Id*. ¶ 50. Plaintiff alleges that neither Bernard nor the Trust received "equivalent value when he transferred 100% of the shares of Black Bear to Lonie Glieberman." *Id*. ¶ 51. The FAC states that the Black Bear transactions were intended to benefit not only Bernard and Lonie, but each of their spouses, Sandra Glieberman and Lindsey Bobay-Glieberman. *Id*. ¶ 55.

As to the transfer of Digital Image, Inc. to Lontray, Plaintiff alleges that Bernard pledged his shares to Lontray in 2008. Bernard signed the Stock Pledge agreement as a shareholder of Digital Image, Inc., as Manager of Lontray (the "Lender"), and as Manager of Tay Land, LLC (the "Borrower"). *Id*. ¶¶ 59, 62.  Plaintiff describes a series of transactions following a December 26, 2008 email from Lonie to Bernard, in which Lonie stated that (a) a loan from Lontray to Tay Land is in default, and (b) unless payment was made in 10 days, Lontray would execute on the Stock Pledge Agreement. Among these transactions was the change of the name of Digital Image, Inc. to Digim, and a purported transfer of the shares of Digim to Digital Image, LLC. *Id*. ¶¶ 63-71. Plaintiff states, "Bernard Glieberman asserts that he next transferred Digital Image, LLC to Lontray," and that at the time of the transfer, Bernard had been sued or threatened with suit. *Id*. ¶¶ 72-73. Plaintiff alleges that the transfer of Digital Image, LLC benefitted Tracey Katzen and

-3-

Lonie, who were each 49% shareholders in Lontray, as well as their respective spouses, Jeffrey Katzen and Lindsey Bobay. *Id*. ¶ ¶ 80-83.

Plaintiff also alleges fraudulent concealment of the Black Bear and Digim transfers. The complaint alleges that by subpoena dated April 17, 2013, Plaintiff requested from Bernard and the Trust "[a]ny and all records pertaining to gifts or other transfers of property of any kind by you to any person in the last six years," and that Bernard and the Trust responded that there were no such records, thereby concealing existence of the transfers. *Id*. ¶ 84-86. Bernard and the Trust supplemented their response on May 24, 2013 and July 1, 2013, again claiming that there were no records pertaining to transfers of property in the previous six years. *Id*. ¶¶ 87-88.

The FAC contains the following claims:

COUNT I: Actual Fraud re: Black Bear transfer, under M.C.L. § 566.34

COUNT II: Constructive Fraud re: Black Bear transfer, under M.C.L. § 566.35(1)

COUNT III: Constructive Fraud re: Black Bear transfer, under M.C.L. § 566.35(2)

COUNT IV: Actual Fraud re: Digim transfer, under M.C.L. § 566.34

COUNT V: Constructive Fraud re: Digim transfer, under M.C.L. § 566.35(1)

COUNT VI: Constructive Fraud re: Digim transfer, under M.C.L. § 566.35(2)

In its response to the motion to dismiss [Doc. #24, at 9, fn 2], Plaintiff states that "to expedite this Court's consideration of the underlying merits of Plaintiff's requested relief, Plaintiff will voluntarily dismiss Counts III and VI of the Complaint."[1]

---

[1] Counts III and VI are both premised on  M.C.L. § 566.35(2), which provides:

"A transfer made by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made if the transfer was made to an insider for an antecedent debt, the debtor was insolvent at that time, and the insider had reasonable cause to believe that the debtor was insolvent."

## II.   STANDARD OF REVIEW

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted." In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief. *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001).

In *Bell Atlantic Corp. v. Twombley*, 550 U.S 544 (2007), the Court,  construing the requirements of Fed.R.Civ.P. 8(a)(2), held that although a complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level...on the assumption that all the allegations in the complaint are true." *Id.*, at 555 (internal citations and quotation marks omitted). Further, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (Internal citations and quotation marks omitted). *See also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio* 502 F.3d 545, 548 (6th Cir. 2007). Stated differently, a complaint must "state a claim to relief that is plausible on its face." *Twombley*, at 570.

In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Court explained and expanded on what it termed the "two-pronged approach" of *Twombley*. First, it must be determined whether a complaint contains factual allegations, as opposed to legal conclusions. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, at 678, citing *Twombley*, 550 U.S. at 555.  Second, the facts that are pled must show a "plausible" claim for relief, which the Court described as follows:

-5-

"Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'shown[n]'–'that the pleader is entitled to relief.'" 556 U.S. at 679 (internal citations omitted).

## III.   DISCUSSION

### A.   Motion to Dismiss Original Complaint [Doc. #10]

The original complaint, filed on November 24, 2014, was superseded by the FAC, filed on February 9, 2015, after the motion to dismiss [Doc. #10] was filed. An amended complaint supersedes the "earlier complaint for all purposes." *In re Refrigerant Compressors Antitrust Litigation,* 731 F.3d 586, 589 (6th Cir.2013). *See also Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014)(after the petitioner filed an amended petition, "only that petition remained pending before the district court").

Therefore, the motion to dismiss the original complaint [Doc. #10] must be denied as moot.

### B.   Motion to Dismiss First Amended Complaint [Doc. #20]

#### 1.   Counts III and VI

First, the easy part. Plaintiff does not object to the dismissal of Counts III and VI, brought under M.C.L. § 566.35(2). *See* fn. 1, *supra*. Therefore, those Counts should be dismissed.

#### 2.   The Black Bear Transfer

##### a.   Statute of Limitations

The statute of limitations for fraudulent transfer claims under MUFTA is six years, running from the date the alleged fraudulent transfers occurred. M.C.L. § 566.39 provides that a "cause of action with respect to a fraudulent transfer" must be filed

"within the time period specified in...MCL 600.5813." In turn, M.C.L. § 5813 states that claims "shall be commenced within the period of 6 years after the claims accrue." The Defendants argue that since Black Bear was transferred in October of 2007 and the complaint was filed in 2014, the claims in Counts I and II are time-barred.

However, if a transfer or transaction was fraudulently concealed, the statute of limitation is extended two years from the time the claim was discovered or should have been discovered. M.C.L. § 600.5855; *see also Boyle v. General Motors Corp.,* 468 Mich. 226, 230 n. 3, 661 N.W.2d 557 (2003). In order to toll the statute of limitations, the concealment must be "of an affirmative character." *Doe v. Roman Catholic Archbishop of the Archdiocese of Detroit,* 264 Mich.App 632, 642; 692 NW2d 398 (2004). "The plaintiff must prove that the defendant committed affirmative acts or misrepresentations that were designed to prevent subsequent discovery. Mere silence is insufficient." *Sills v. Oakland Gen. Hosp.,* 220 Mich.App 303, 310; 559 NW2d 348 (1996). Moreover, "[t]he plaintiff must plead in the complaint the acts or misrepresentations that comprised the fraudulent concealment." *Id*.

There is no question that in the FAC, Plaintiff has alleged certain "affirmative acts" of concealment by Bernard and the Trust, specifically that between May 21 and July 1 of 2013, in response to a subpoena, they made false representations that there were no records pertaining to "transfers of property of any kind" within the past six years. *See* FAC, ¶¶ 84-88. In so doing, says Plaintiff, "Bernard Glieberman and his advisors actively and fraudulently concealed the transfer of Black Bear and DIGIM from Plaintiff on numerous occasions." *Id*. ¶ 84. Bernard's allegedly false responses to the subpoena are the

only affirmative acts of concealment that Plaintiff alleges in the FAC.[2]

By contrast, the FAC does not allege that Defendants Lonie, Black Bear, and Bobay committed any affirmative acts of concealment.[3] Thus, under either *Sills* or *Iqbal*, Plaintiff has provided no basis to toll the six-year statute of limitations as to these three Defendants.[4]

### b.   Plausibility of Factual Allegations

Black Bear was the asset that was transferred. As such, it is not a proper party under MUFTA, and must be dismissed. In *Vulpina, LLC v. Dzierzawski*, 2013 WL 2898246, *2 (E.D.Mich. 2013)(Goldsmith, J.), the Court held as follows:

> "Under a plain reading of the MUFTA provisions, the Court holds that Vinifera cannot be a proper party. By its terms, the MUFTA permits a judgment against a transferee. *Id.* § 566.38(2) (If a creditor prevails in its action, judgment may be entered against either of the following: 'the first transferee of the asset or the person for whose benefit the transfer was

---

[2] As an alternative to its request to deny the motion to dismiss, Plaintiff has moved to file a second amended complaint that purports to detail Lonie's affirmative concealment. That issue will be discussed separately in the context of the Plaintiff's motion to amend [Doc. #25].

[3] In its response to this motion [Doc. #24], at p. 7, , Plaintiff posits that because Lonie and Bobay were family members, and thus "insiders" as defined by M.C.L. § 566.31(g), there is "a reasonable inference that Defendant Bernard Glieberman was acting on behalf of Movants, or at least for their benefit, when he fraudulently concealed his fraudulent transfers to his children." Regardless of whether this is inference or speculation, however, Bernard's relationship to his family members does not negate the requirement of *Sills* that to toll the statute of limitations, a complaint must set forth the affirmative acts of concealment committed by each party.

[4] Plaintiff also argues in response that this is in effect a "proceeding supplementary to judgment" under M.C.L. § 600.6104, and therefore the statute of limitations for fraudulent transfers does not apply. But the FAC is entirely framed under MUFTA, and does not mention supplementary proceedings or cite M.C.L. § 600.6104. Because this theory was not pled, I decline to consider it in the context of the present motion. However, the interplay between a supplementary proceeding, a statute of limitations, and an allegedly fraudulent transfer of property is a subject of Plaintiff's motion for leave to file second amended complaint [Doc. #25], and will be discussed when that motion is decided.

> made' or '[a]ny subsequent transferee other than a good-faith transferee
> who took for value or from any subsequent transferee.') Case law
> recognizes that a transferor may be named in the action. *See Mather
> Investors, LLC v. Larson,* 480 Mich. 1159, 746 N.W.2d 617 (Mich.2008).
> But neither the language of the MUFTA nor any other authority interpreting
> the statute or its counterpart in other states contemplates naming the
> transferred asset as a defendant."

That Plaintiff alleges that Black Bear was a "party" to the transfer does not change the fact that as the transferred asset, it "cannot be a proper party." *Id*. Black Bear should be dismissed.

Finally, Lindsey Bobay-Glieberman is alleged to be liable under MUFTA because she was "a person for whose benefit the transfers were made." Ultimately, however, the allegations against Bobay are merely conclusory, and are based on little more than the fact that she was Lonie's wife. In a general sense, it might (or perhaps might not) be said that an advantage to one spouse is an advantage to both spouses, but M.C.L. § 566.38(2) requires more than speculation that a spouse passively received some indirect benefit from a transfer. By its plain language, it requires that the transferor specifically intend that the benefit inure to that spouse. The FAC is devoid of any such claim. Bobay must therefore be dismissed.

### 3.   The Digim Transfer

Following an evidentiary hearing, I have found by separate Opinion and Order in Docket No. 13-50197 that at all relevant times, Bernard owned Digim, and that because he never properly transferred it to Digital Image, LLC or to Lontray, Bernard continues to own the Digim stock. Therefore, I found, Plaintiff is entitled to the seizure of all shares of Digim stock. Therefore, the fraudulent transfer claims as to Digim are moot.

I note, however, that had there been a valid transfer of Digital Image, LLC, and hence the Digim stock, to Lontray, Defendants Lonie and Bobay would be dismissible for

the same reasons discussed above with regard to the Black Bear transfer.[5]

## IV.   CONCLUSION

I recommend that Defendants' Motion to Dismiss Complaint [Doc. #10] be DENIED AS MOOT.

I further recommend that Defendants' Motion to Dismiss Amended Complaint [Doc. #20] be GRANTED, and that Defendants Lonie Glieberman,  Lindsey Bobay-Glieberman, and Black Bear, Inc. be DISMISSED.

I further recommend that the dismissal of the First Amended Complaint as to these three Defendants be without prejudice to an independent decision on Plaintiff's pending motion for leave to file second amended complaint [Doc. #25].

Any objections to this  Report and Recommendation must be filed  within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir.  1991); *United States v. Walters,* 638 F.2d 947 (6th Cir.  1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed

---

[5] Neither Bernard, the Trust, Lontray, Tracey Katzen, nor Lonie are parties to the present motion, and this Report does not address the viability of the MUFTA claims against them.

objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

/s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated:  September 11, 2015

<u>Certificate of Service</u>

I certify that a copy of this document was served upon parties of record on September 11, 2015 via electronic or postal mail.

/s/C. Ciesla
CASE MANAGER

-11-