UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BR NORTH 223, LLC,

    Plaintiff,

Case No. 14-14488

v.

Paul D. Borman
United States District Judge

BERNARD GLIEBERMAN, ET AL.,

R. Steven Whalen
United States Magistrate Judge

    Defendants.

_____/

OPINION AND ORDER:
(1) GRANTING PLAINTIFF'S OBJECTION (ECF NO. 33);
(2) ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION BUT MODIFYING IT SUCH THAT DEFENDANT LINDSEY BOBAY-GLIEBERMAN IS DISMISSED WITHOUT PREJUDICE (ECF NO. 32);
(3) DENYING AS MOOT THE MOTION TO DISMISS THE COMPLAINT (ECF NO. 10);
AND (4) GRANTING THE MOTION TO DISMISS THE AMENDED COMPLAINT
AS TO DEFENDANTS LONIE GLIEBERMAN, LINDSEY BOBAY-GLIEBERMAN, AND BLACK BEAR (ECF NO. 20)

Now before the Court is Plaintiff BR North's Objections to Magistrate Judge R. Steven Whalen's September 11, 2015 Report and Recommendation. (ECF No. 32, Report and Recommendation.) The Report and Recommendation recommended that this Court deny as moot Defendants Lonie Gleiberman ("Lonie"), Lindsey Bobay-Glieberman ("Bobay"), and Black Bear, Inc.'s ("Black Bear") Motion to Dismiss the original complaint and grant their Motion to Dismiss the First Amended Complaint. (ECF Nos. 10 & 20.) Plaintiff filed an Objection to the Report and Recommendation dated September 28, 2015 (ECF No. 33). Thereafter, Defendants Lonie, Bobay and Black Bear filed a Response to Plaintiff's Objection and Plaintiff filed a reply. (ECF Nos. 34 & 35.)

This Court reviews *de novo* the portions of a report and recommendation to which

objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Having conducted *a de novo* review of the parts of the Magistrate Judge's Report and Recommendation to which valid objections have been filed pursuant to 28 U.S.C. § 636(b)(1), the Court will deny the Plaintiff's objection, adopt the Magistrate Judge's Report and Recommendation, dismiss as moot Defendant Lonie, Bobay and Black Bear's Motion to Dismiss the Complaint and grant their Motion to Dismiss the First Amended Complaint.

## I. BACKGROUND

On November 24, 2014, Plaintiff filed the present civil action against Defendants Bernard Glieberman, Sandra Glieberman, Lonie Glieberman, Lindsey Bobay-Glieberman, Jeffrey Katzen, Tracey Katzen, Black Bear, Inc., Lontray Enterprises, LLC, Digim, Inc., Ditigal Image, LLC and alleged that Defendants fraudulently transferred assets in violation of Michigan law. (ECF No. 1.)

On January 16, 2015, three of the Defendants, Lonie Glieberman ("Lonie"), Lindsey Bobay-Glieberman ("Bobay"), and Black Bear, Inc. ("Black Bear"), filed a Motion to Dismiss the complaint. (ECF No. 10.) On February 9, 2015, Plaintiff filed its First Amended Complaint ("FAC"). (ECF No. 19.) Then, on February 26, 2016, Lonie, Bobay, and Black Bear filed a Motion to Dismiss Plaintiff's FAC. (ECF No. 20.) Plaintiff filed a response to the motion to dismiss the FAC and Defendants Lonie, Bobay, and Black Bear filed a reply. (ECF Nos. 24 & 29.) The Court referred the motions to dismiss to Magistrate Judge R. Steven Whalen. (ECF No. 22.)

On the same day that Plaintiff filed its response to the Motion to Dismiss the FAC, Plaintiff also filed a Motion for Leave to file a Second Amended Complaint and Consolidate this

2

Action into E.D. Mich. Case No. 13-mc-50297. (ECF No. 25.) This Court also referred that motion to the Magistrate Judge, and it remains pending. (ECF No. 27.)

On September 11, 2015, Magistrate Judge Whalen issued a Report and Recommendation regarding Defendants Lonie, Bobay, and Black Bear's Motions to Dismiss and recommended that this Court dismiss the motion to dismiss the original complaint as moot based upon the filing of the FAC. (ECF No. 32.) Magistrate Judge Whalen also recommended granting the Motion to Dismiss the FAC but "without prejudice to an independent decision on Plaintiff's pending motion for leave to file second amended complaint." (ECF No. 32, at 1.)

As set forth in the Report and Recommendation, Magistrate Judge Whalen determined that Plaintiff failed to allege any affirmative acts of concealment on the part of Defendants Lonie, Black Bear, and Bobay in the FAC regarding the Black Bear transfer. Accordingly, the six-year statute of limitations on Plaintiff's Michigan Uniform Fraudulent Transfer Act ("MUFTA") claims could not be tolled as to those three defendants. (ECF No. 32, *6-7.) The Magistrate Judge also determined that the MUFTA allegations against Defendant Black Bear were not plausible because it was the transferred asset and therefore not a proper party to the action. (*Id.*, at *8-9.) Additionally, the Magistrate Judge concluded that Plaintiff's MUFTA allegations against Defendant Bobay were not plausible because Plaintiff failed to make any claim that the transferor specifically intended her to benefit from the transaction as required by statute. (*Id.*, at *9.) The Magistrate Judge also held that in light of his determination that Defendant Bernard Glieberman "continues to own the Digim stock" in the case, *In re Certification of Judgment*, 13-mc-50297, that Plaintiff's "fraudulent transfer claims as to Digim are moot." (ECF No. 32, at *9.) Finally, the Magistrate Judge noted that he would address "the interplay between a

3

supplementary proceeding, a statute of limitations, and an allegedly fraudulent transfer of property" when he decided Plaintiff's pending motion for leave to file a second amended complaint and consolidation.  (ECF No. 32, at *8, n. 4.)

On November 2, 2015, Defendant Bernard Glieberman filed a "Notice of Filing of Petition in Bankruptcy" and that provided that "under the Bankruptcy Code, the above proceedings are stayed until further order of the Bankruptcy Court." (ECF No. 36, *see also* E.D. Mich. Bankr. Case No. 15-55996.)  Then, on October 12, 2016, Plaintiff filed a Notice in this Action providing that the Bankruptcy Court entered an order "Granting BR North 223, LLC's Motion for Relief from Automatic Stay, permitting BR North 223, LLC to prosecute claims pertaining to Black Bear, Inc. in the actions titled *BR North, LLC v. Bernard Glieberman, et al.*, Case No. 2:14-cv-14488-PDB-RSW and/or *BR North, LLC v. Bernard Glieberman, et al.*, Case No. 13-mc-50297-PDB-RSW." (ECF No. 37, Ex. 1.)

## II. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1), the Court conducts a *de novo* review of the portions of the Magistrate Judge's Report and Recommendation to which a party has filed "specific written objections" in a timely manner. *Lyons v. Comm'r Soc. Sec.*, 351 F. Supp. 2d 659, 661 (E.D. Mich. 2004).  Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir.1986).

FED. R. CIV. P. 12(b)(6) permits dismissal of an action where the complaint fails to state a claim upon which relief can be granted.  When reviewing a motion to dismiss under Rule 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accept

its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *DirectTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). To sufficiently state a claim, a complaint must provide "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "[T]he complaint 'does not need detailed factual allegations' but should identify 'more than labels and conclusions.'" *Casias v. Wal-Mart Stores, Inc.*, 695 F. 3d 428, 435 (6th Cir. 2012) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). But the court "need not accept as true legal conclusions or unwarranted factual inferences." *Treesh*, 487 F.3d at 476 (quoting *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)). "[L]egal conclusions masquerading as factual allegations will not suffice." *Eidson v. State of Term. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007).

A plaintiff must provide more than "formulaic recitation of the elements of a cause of action ... Factual allegations must be enough to raise a right to relief above the speculative level...." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). The Sixth Circuit has recently reiterated that "[t]o survive a motion to dismiss, a litigant must allege enough facts to make it plausible that the defendant bears legal liability. The facts cannot make it merely possible that the defendant is liable; they must make it plausible." *Agema v. City of Allegan*, --- F.3d ---, (6th Cir. 2016) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

III. ANALYSIS

In the present Report and Recommendation, the Magistrate Judge made clear that the Motion to Dismiss the FAC as to Defendants Lonie, Bobay, and Black Bear was "without prejudice to an independent decision on Plaintiff's pending motion for leave to file second amended complaint." (ECF No. 32, at *10.) Neither Plaintiff nor Defendants Lonie, Bobay, and

5

Black Bear filed any objections regarding the Magistrate Judge's conclusions or substantive analysis in the Report and Recommendation. Instead, Plaintiff filed an objection requesting that this Court modify the Magistrate Judge's Report and Recommendation such that Defendant Bobay is dismissed without prejudice rather than with prejudice. In support of this request, Plaintiff admits that at this time "information about Bobay is minimal to non-existent at best" but claims that at some unknown point in the future it "may reasonably uncover evidence of Bobay's affirmative concealment and/or may uncover specific intent by the Debtors that benefits transferred by Debtors inure to Bobay (in addition to Lonie Glieberman, Tracey or Jeff Katzen, or others)." (ECF No. 33, at *3-4.) Plaintiff further contends that there is no reason to deny its request because there will be no prejudice to the parties. The Court agrees.

Normally, dismissals for failure to state a claim pursuant to Rule 12(b)(6) are "dismissals on the merits." *Roger v. Stratton Indus., Inc.*, 798 F.2d 913, 917 (6th Cir. 1986) (citation omitted); *Craighead v. E.F. Hutton & Co., Inc.*, 899 F.2d 485, 495 (6th Cir. 1990) ("The grant of a 12(b)(6) motion is an adjudication on the merits, unless the district court specifies the dismissal is without prejudice." (citation omitted)). In support of its request that the Court dismiss Defendant Bobay without prejudice, Plaintiff relies upon an unpublished case from the Western District of Michigan, *Quiktrak, Inc. v. Hoffman*, 1:05-cv-384, 2005 WL 2465735 (W.D. Mich. Oct. 6, 2005). In *Quiktrak*, the plaintiff moved to voluntarily dismiss a claim pursuant to Rule 41(a)(2) at the same time that the defendant moved to dismiss the claim with prejudice pursuant to Rule 12(b)(6) or 56. *Id.*, at *1-2. The *Quiktrak* court then concluded that the dismissal should be without prejudice because the defendant could not show he would suffer any prejudice. *Id.* at *2 (recognizing that a court "should [ordinarily] grant a motion for voluntary dismissal unless a

6

defendant can show that it will suffer some plain legal prejudice as a result." (citing *Gover v. Eli Lily & Co.*, 33 F.3d 716, 718 (6th Cir. 1994).) This Court agrees, and will therefore grant Plaintiff's request to modify the Report and Recommendation such that Defendant Bobay is dismissed without prejudice.

## IV. CONCLUSION

For all these reasons the Court GRANTS Plaintiffs' Objection (ECF No. 33) and ADOPTS and MODIFIES the Report and Recommendation (ECF No. 32) such that Defendant Bobay is dismissed without prejudice. The Court also DISMISSES AS MOOT Defendants' Motion to Dismiss the Complaint (ECF No. 10) and GRANTS Defendants' Motion to Dismiss the Amended Complaint (ECF No. 20) as to Defendants Lonie Glieberman, Lindsey Glieberman-Bobay, and Black Bear without prejudice to the independent decision on Plaintiff's pending motion for leave to file a second amended complaint.

IT IS SO ORDERED.

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:    DEC 2 2 2016